## Noah K. Skinner & another *vs.* George W. Frost & another.

If, upon the return of the notice of a debtor's desire to take the poor debtor's oath, the magistrate within the hour, and before the creditor appears, decides that the notice is insufficient, and informs the debtor that a new notice will be necessary, and the debtor thereupon departs, and after the expiration of seven days from the service of the first notice applies for and obtains another which is sufficient in form and is duly served, a discharge granted to him upon the second notice, upon his taking the oath, is valid; although the first notice was sufficient, and the creditor appeared after the departure of the debtor before the expiration of the hour, and desired the examination to proceed.

Contract upon a recognizance, with condition that the defendant Frost, who had been arrested upon an execution in favor of the plaintiffs, should within thirty days from the day of his arrest deliver himself up for examination, giving notice of the time and place thereof as provided by law, and appear at the time fixed therefor, and not depart without leave of the magistrate, and abide his final order thereon.

It was agreed in the superior court that Frost was arrested

on the 5th of September 1861 on an execution in favor of the plaintiffs, and entered into the recognizance declared on, with the other defendant as surety, under Gen. Sts. *c.* 124, § 10; and on the 25th of September 1861 obtained from a competent magistrate and served upon the plaintiffs a notice of his desire to take the oath for the relief of poor debtors, appointing "the 27th of September, at four o'clock in the afternoon," and a place therein named, as the time and place for his examination; that Frost appeared at the time and place appointed, and the magistrate, upon examining the notice, decided that it was insufficient in form, in not designating the year when the examination was to take place, and informed Frost that a new notice and another service would be necessary, and Frost thereupon left the place; that after the departure of Frost, but before the expiration of the hour, the attorney of the plaintiffs appeared, and claimed that the examination should proceed, and efforts were accordingly made to find Frost, but without success; and that on the 3d of October Frost applied for and obtained a new notice from the same magistrate, which was correct in form, and was duly served, and under which the oath was administered to him.

On these facts, judgment was rendered in the superior court for the defendants; and the plaintiffs appealed to this court.

*J. D. Thomson*, for the plaintiffs, cited *Bussey* v. *Briggs*, 2 Met. 132; *Collins* v. *Douglass*, 1 Gray, 170; *Hobbs* v. *Fogg*, 6 Gray, 251; *Baker* v. *Moffat*, 7 Cush. 260.

*J. Rutter*, for the defendants.

BIGELOW, C. J. There has been no breach of this recognizance. If the first notice was sufficient in form, as we think it was, the debtor's departure from the place appointed for the examination did not constitute a breach, because he did not go without leave of the magistrate. He could not compel the magistrate to administer the oath, and if the magistrate adjudged the notice to be insufficient erroneously, and refused to act on that ground, it was no fault of the debtor. The form of the condition of the recognizance is not like that in the bond formerly given for the prison limits, under Rev. Sts. *c.* 97, § 63,

that the debtor will not depart beyond the limits " until lawfully discharged ; " but only that he will not depart without leave of the magistrate, and will abide his final order. *Jacot* v. *Wyatt*, 10 Gray, 236. But a more decisive answer to the plaintiffs' case is, that the debtor did, after due proceedings had, take the oath required by law for poor debtors, and was thereupon duly discharged by the magistrate. He thus completely fulfilled the condition of the recognizance. There was no error in these proceedings. The notice was regular in form and duly served, and it was not issued until after the expiration of seven days from the service of the first notice, according to Gen. Sts. *c*. 124, § 14.

*Judgment for the defendants*